UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GURLEY, | : |
| Plaintiff | : No. 4:CV-04-0202 |
| vs. | : (Complaint Filed 01/28/04) |
| ROBERT MOCZULSKI, et al., | : (Judge Muir) |
| Defendants | : |

**Order**

August 8, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Plaintiff, John Gurley, an inmate formerly confined in the Mahanoy State Correctional Institution, Frackville, Pennsylvania[1] ("SCI-Mahanoy"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges a denial of adequate medical treatment. Gurley seeks damages as well as injunctive relief. On May 6, 2005, Dr. Robert Moczulski, the only remaining defendant in this action[2], filed a motion for

---

1. Gurley was released from confinement on August 26, 2004 and currently resides at 328 Oak Street, Pottstown, Pa.

2. By order dated September 17, 2004, defendants Cerullo, Haladay and Klem were dismissed from the action. (Doc. No. 26).

summary judgment, along with a statement of material facts and supporting brief. (Doc. Nos. 29-32).

Previously, by orders dated June 16, 2005 and July 12, 2005, plaintiff was specifically directed to file a brief in opposition to defendant's motion for summary judgment. (Doc. Nos. 33, 34). The orders forewarned plaintiff that if he failed to file a brief within the required time, we would consider dismissing plaintiff's complaint under the authority of Rule 41(b) for failure to prosecute and comply with a court order.

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link vs. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient

2

>> origin, having its roots in judgments of <u>nonsuit</u> and <u>non prosequitur</u> entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

Id. at 629-30. The Court of Appeals for this circuit held in Stackhouse vs. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. However, the Court of Appeals did not vitiate the Supreme Court's decision in <u>Link</u>, Rule 41(b) of the Federal Rules of Civil Procedure or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

>> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. <u>Nor do</u>

3

> <u>we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked</u>.

Id. at 30 (emphasis added); see also Mindek vs. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) ("<u>Poulis</u> did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the <u>Poulis</u> factors[3] need be satisfied in order to dismiss a complaint.  Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

---

3.  The Court of Appeals in Poulis vs. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement.  The six factors are:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

4

Although the deadlines for filing an opposing brief have passed, plaintiff has neither filed a brief in opposition to defendant's motion nor has he requested an extension of time in which to do so.  Plaintiff was advised of the requirements of Local Rule 7.6 by the standard practice order issued in this case on January 29, 2004, and specifically directed on two occasions to comply with Local Rule 7.6 by filing a brief in opposition.  The court finds that the dilatoriness of plaintiff outweighs any of the other considerations set forth in Poulis.  The court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss plaintiff's complaint both for failure to prosecute and for failure to comply with a court order.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, plaintiff's complaint is dismissed for failure to prosecute and comply with a court order.

2. The Clerk of Court shall close this case.

3. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

                s/Malcolm Muir

                MUIR
                United States District Judge